Sammy Louis **HAYNES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24256.

United States Court of Appeals,
Ninth Circuit.

May 20, 1970.

Philip Daigneault, San Pedro, California, for appellant.

Robert L. Myer, and Wm. Matthew Byrne, Jr., U. S. Attys., Robert L. Brosio, Asst. U. S. Atty., Chief Criminal Division, Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and VON DER HEYDT,* District Judge.

PER CURIAM:

On June 4, 1968, Sammy Louis Haynes and two codefendants were found guilty of bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(a) (d) (1964). Haynes has appealed to this Court, alleging five separate grounds: insufficient evidence, prejudicial misjoinder, unlawful search and seizure, admission of improper evidence of "sudden wealth", and misconduct of the prosecutor during final argument.

We have examined the record with care and find no merit in appellant's first four allegations of error. The issue of prosecutorial misconduct, however, requires brief discussion.

In his final argument at trial, the attorney for the Government stated that appellant had admitted while on the witness stand that he had previously been convicted of possession of heroin. This statement was not true as appellant's prior conviction involved not heroin but marijuana. Haynes contends that the possession of heroin is a more serious offense than the possession of marijuana, and that the government's case against him generally was weak. Considering these two factors together, he argues, the prosecutor's misstatement to the jury was so prejudicial as to require reversal of the conviction as to him and a new trial.

* Hon. James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.

We do not agree. The trial court not only gave the usual instruction to the effect that the prior conviction must be considered for impeachment purposes only, but also specifically instructed the jury that the conviction did not involve heroin.

Nor was the prosecution's case against Haynes a weak one, as contended by appellant. An examination of the record convinces us that the opposite is true.

Although some type of unlawful argument by the government can be so prejudicial as to be incurable by any instruction, not all improper references to prior convictions are of this character. See Sumrall v. United States, 360 F.2d 311, 313–314 (10th Cir. 1966); United States v. Haskell, 217 F.Supp. 534, 543 (D.Conn.1963), aff'd, 327 F.2d 281 (2d Cir.), cert. denied, 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307 (1964). Under the circumstances presented here, we conclude that the trial court's subsequent instructions were sufficient to cure the error. Appellant's conviction therefore is affirmed.